IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA WILLSON SNOW, )<br>an individual, )<br>    )<br>    Plaintiff, )<br>    )<br>v.    )    Case. No. 15-CV-633-TCK-FHM<br>    )<br>NATIONSTAR MORTGAGE LLC, )<br>a Delaware limited liability corporation; )<br>and DOES 1 through 10, inclusive; )<br>    )<br>    Defendants. ) | |

## OPINION AND ORDER

Before the Court are (1) Plaintiff's Motion for Preliminary Injunction or for a Temporary Restraining Order (Doc. 4) and (2) Plaintiff's Motion for Expedited Consideration (Doc. 7) filed November 3, 2015. Plaintiff Teresa Willson Snow, appearing pro se, seeks an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure prohibiting Defendant Nationstar Mortgage LLC ("Nationstar") from holding any foreclosure sales of Plaintiff's home, claiming or taking possession of Plaintiff's home, or transferring title to Plaintiff's home.

**I.     Background**

On January 10, 2014, Nationstar instituted judicial foreclosure proceedings against Plaintiff in the District Court of Tulsa County, Oklahoma, in the case styled *Nationstar Mortgage LLC v. Teresa A. Willson, et al.*, Case No. CJ-2014-121 ("Tulsa County case").[1] Based on the docket sheet

---

[1] Plaintiff has not provided copies of documents from the Tulsa County case. The docket sheet and filings are public records, and the court takes judicial notice of such documents. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.").

for the Tulsa County case, Plaintiff's home was sold at a sheriff's sale on November 4, 2014. However, it appears that the Tulsa County court has yet to confirm the sale due to repeated bankruptcy filings by Plaintiff.

Plaintiff commenced this action on November 3, 2015, against Nationstar and "Does 1-through 10, inclusive," alleging claims for fraud, misrepresentation, violation of Section 5(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), violation of the Oklahoma Consumer Protection Act, and equitable estoppel. As support for her claims, Plaintiff alleges she sought to participate in the loan modification process with Nationstar several times and that Nationstar made misrepresentations to Plaintiff throughout such process, which Plaintiff relied on to her detriment and which ultimately led to foreclosure of her home.

## II.     Plaintiff's Motion for Preliminary Injunction

As noted above, Plaintiff has requested an injunction pursuant to Rule 65 to prevent Nationstar from holding any foreclosure sales of Plaintiff's home, claiming or taking possession of Plaintiff's home, or transferring title to Plaintiff's home. Based on the docket in the Tulsa County case, judgment has already been entered against Plaintiff and her home has been sold. Accordingly, it appears that the time for asserting any defense that Plaintiff may have to the mortgage lien, including any alleged right to participate in a loan modification program and Nationstar's actions with regard to such program, has passed. At the least, if Plaintiff has any valid basis for preventing confirmation of the foreclosure sale, taking possession of her home, or transferring title to her home, the Tulsa County case is the proper forum for Plaintiff to assert her right to remain in her home.

A federal court has limited authority to interfere with a state court proceeding.

> [U]nder the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary to aid in its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has

>made clear that the statute imposes an absolute ban on federal injunctions against pending state court proceedings, in the absence of one of the recognized exceptions in the law.

*Phelps v. Hamilton*, 122 F.3d 1309, 1325 (10th Cir. 1997).  Plaintiff has not alleged any facts which would provide this Court with any basis to enjoin the Tulsa County case or to enjoin a party to the Tulsa County case from proceeding with execution of the state court judgment.  Accordingly, Plaintiff's Motion for Preliminary Injunction is denied.

### III.      Plaintiff's Complaint

The *Rooker-Feldman* doctrine bars Plaintiff's suit.  This doctrine "precludes a losing party in state court who complains of injury caused by the state court judgment from bringing a case seeking review and rejection of that judgment in federal court."  *Miller v. Bank of N.Y.*, 666 F.3d 1255, 1261 (10th Cir. 2012).[2]  The Tenth Circuit has held that the *Rooker-Feldman* doctrine prohibits a party from seeking federal review and rejection of state court eviction and foreclosure proceedings.  *See Dillard v. Bank of N.Y.*, 476 F. App'x 690 (10th Cir. 2012) (unpublished).  In *Dillard*, the pro se plaintiff alleged a number of violations of federal laws due to a foreclosure.  The district court found that it lacked subject matter jurisdiction as to such claims and that dismissal was appropriate under Federal Rule of Civil Procedure 12(b)(1) where plaintiff was seeking review of a state court decision in contravention of the *Rooker-Feldman* doctrine.

Here, Plaintiff has unquestionably sought review and rejection of the Tulsa County foreclosure proceeding.  Even though the Tulsa County court found foreclosure appropriate, Plaintiff now complains of deceptive tactics used by Nationstar during the loan modification process and seeks to prevent any foreclosure sales of her home even though such home has already been sold.

---

[2] *Rooker-Feldman* refers to two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

These claims are barred by the *Rooker-Feldman* doctrine, and Plaintiff's Complaint is dismissed for lack of jurisdiction.

## VI. Conclusion

Plaintiff's Motion for Preliminary Injunction or for a Temporary Restraining Order (Doc. 4) is DENIED. Plaintiff's Motion for Expedited Consideration (Doc. 7) is DENIED as moot. Plaintiff's Complaint (Doc. 2) is DISMISSED for lack of jurisdiction pursuant to Rule 12(b)(1).

SO ORDERED this 10th day of November, 2015.

*/s/ Terence C. Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**